IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY DIAZ, PRO SE, | § | |
| TDCJ-CID No. 1737301, | § | |
| Previous TDCJ-CID No. 475593, | § | |
| Previous TDCJ-CID No. 721195, | § | |
| Previous TDCJ-CID No. 1201534, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0111 |
| | § | |
| MELBA DOCKERY[1], Mailroom Supervisor, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JIMMY DIAZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant and has been granted permission to proceed in forma pauperis.

Plaintiff complains the defendant violated his First and Fourteenth Amendment rights, as well as the Texas Constitution and various policies and regulations of the Texas Department of Criminal Justice, "caus[ing] Mr. Diaz to loose [sic] his travel trailer and valuable assets from the acts of omission withheld [plaintiff's] personal mail."

Plaintiff requests $9,000.00 in compensatory damages and $2,000.00 in punitive damages, along with costs and filing fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee

[1]In the style of his Amended Complaint, plaintiff refers to the defendant as "Melba Dockery," but, in his statement of claim, he calls her "S. Dockery." Nevertheless, she is consistently identified as the Neal Unit Mailroom Supervisor.

of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

**THE LAW AND ANALYSIS**

By his hand-printed attachment to his Amended Complaint, plaintiff states that, before his incarceration, he had an agreement with a Mr. Wayne Jayer to leave his [plaintiff's] travel trailer on Jayer's property. Plaintiff says on or about January 27, 2012, Brazoria County officials brought Jayer a notice that plaintiff's travel trailer had to be moved by February 20, 2012.

Plaintiff states Jayer deposited this information in the U.S. mail addressed to the Byrd Unit on January 27, 2012, to the Robertson Unit on an unspecified date, and then, on or about May of 2012, to plaintiff's unit of assignment, the Neal Unit. It is unclear whether plaintiff is saying Mr. Jayer sent the information three times or whether he sent one letter to the Byrd Unit

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

which was then forwarded to the Robertson Unit and finally forwarded to the Neal Unit. This ambiguity, however, is not critical to the Court's analysis. Plaintiff says he noticed the expired date at the time the mail was delivered to him at the Neal Unit. The Court assumes the expired date was February 20, 2012. Plaintiff then wrote defendant DOCKERY, the Mailroom Supervisor, two I-60's[4] asking for proof of the date and time he received the notice, but she did not respond. He says that, when he went to see her personally, she was hostile, disrespectful and rude. Plaintiff argues that, due to her withholding of this mail, he was unable to make arrangements with his son to move the travel trailer and has lost it and the belongings he had inside.

Review of the Step 1 and Step 2 grievances concerning this claim, found at pages 29-32 of the 34-page Attachment 1 (as docketed by the Clerk of Court) to plaintiff's original complaint, shows plaintiff was claiming the mail was 65 days old when he received it and he wanted to know when it was received and processed at the Neal Unit. By the response to his grievance, plaintiff was informed there was no record kept of the receipt date of each individual piece of general correspondence.

Plaintiff's allegations are internally inconsistent as he claims the notice was not sent to the Neal Unit until May of 2012 and the deadline for moving the trailer was February 20, 2012. By the time the notice was forwarded to the Neal Unit, the deadline had expired. Nevertheless, plaintiff seems to feel the Neal Unit Mailroom Supervisor was responsible for the delay.

Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); see also

---

[4]An I-60 is a form used by inmates for informal requests to officials, such as a request for information.

*Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Plaintiff does not allege any way in which defendant DOCKERY affirmatively participated in the delay of his mail and he does not identify any policy implemented by her which he contends was unconstitutional and resulted in his injury. Instead, it appears plaintiff is suing defendant DOCKERY because of her supervisory position as Mailroom Supervisor.

To the extent someone under DOCKERY's supervision in the Neal Unit Mailroom failed to promptly process plaintiff's mail, and plaintiff has alleged no fact to support this claim, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Moreover, this allegation would support, at most, only a claim of negligence against the person who failed to promptly process the mail; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("negligent medical care does not constitute a valid section 1983 claim.").

To the extent plaintiff alleges a failure to comply with prison policy and/or regulation, the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The dismissal of plaintiff's federal claims leaves only his Texas Constitutional and state

law claims, over which the Court may decline to exercise pendant jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JIMMY DIAZ be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise pendant jurisdiction over any Texas Constitutional or state law claims asserted by plaintiff and that such claims be DISMISSED WITHOUT PREJUDICE.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of August, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled “Objections to the Report and Recommendation.” Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party’s failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass’n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).